## THOMAS VS. WATKINS.

Where T & J, with others, were liable for the amount of a certain judgment, and W, who was not so liable, signed a note with them, and left it with T to be negotiated by him, to raise money to pay it, but T paid the judgment with his own means, and did not negotiate the note. In an action by T against W to recover against him a proportionate share of the note, on account of such payment. *Held*, that the note had not been delivered, and had no legal existence as such, and that T could not recover anything against W on account of such payment.

APPEAL from the Circuit Court for *Iowa* County.

The complaint alleges in substance that the plaintiff and the defendant with John Bonner and others made a certain promissory note to one Jane Jones for $337, with interest at twelve per cent. and that the plaintiff had paid and taken up the note and that the defendant refused to pay his proportion thereof, and that there was due from him to the plaintiff on account of the premises the sum of $84.25 with interest, for which he claimed judgment. The defendant answered, among other things, that the note was executed by him without any consideration and that he was induced to sign it, by the false and fraudulent statement of the plaintiff, that his son-in-law Richard P. Jones, was liable as surety on the bond of one Nourse as town treasurer of the town of Dodgeville, for the year 1857, jointly with the plaintiff and others, for a defalca- tion of said treasurer, but that said Richard P. Jones was not in any manner liable on such bond; that the said note never had any legal inception, but was made by the plaintiff and de- fendant and others, to be put in the hands of the plaintiff to negotiate and raise money to pay said supposed liability of said town treasurer, and that the note was never negotiated, but had always remained in the hands of the plaintiff. The action was tried before the court, without a jury, and at the trial the plaintiff gave in evidence the said note and testified in his own behalf in substance, that Bonner and himself sign- ed the bond of Nourse as town treasurer for 1857, and that afterwards, Nourse was found to be a defaulter, and that judg- ment was rendered against Bonner and himself on the bond, for a sum exceeding the amount of the note in evidence; that prior to the bringing of that suit and before the defalcation was discovered, additional sureties on the official bond of Nourse were required by the supervisors of the town and Richard P. Jones, Thomas Howell and Jacob M. Miller, became such additional sureties, and after the rendition of judgment against Bonner and himself on the bond, they conferred together

and concluded to get the additional sureties to pay a *pro rata* part of it. Miller agreed to do so, Howell refused, and he learned that the defendant would pay for Richard P. Jones, one of such additional sureties, who was then in California. They drew up the note and signed it, and he went to the defendant to get him to sign it, and told him that he supposed his son-in-law Jones was liable to pay a part of the judgment and that if he would sign it, they could get the money on it to pay the judgment, and he signed the note with the understanding that it was to be cashed by Mrs. Jones, and the proceeds applied to the payment of the judgment; that he was never able to negotiate the note and it always remained in his hands; that he paid the judgment against himself and Bonner, but never paid the note unless the payment of the judgment, amounted in law to a payment of it.

The defendant testified in his own behalf, that the plaintiff told him that his son-in-law, Jones, was liable on the judgment as well as the others; that he, the defendant was not the agent of his son-in-law, and had no authority to act for him in reference to paying any part of Nourse's defalcation as town treasurer. The original bond of Nourse as town treasurer was then introduced in evidence, on which was the following endorsement: "The chairman of the board of supervisors of the town of Dodgeville, having demanded additional sureties in the foregoing bond, now therefore, we, Richard P. Jones, Thomas Howell, Jacob M. Miller, do hereby declare that we are sureties in the within bond, and that our signatures hereunder written shall be construed and understood as if written at the foot of the foregoing bond, and we hereby assume the same liability as if we had been the original sureties therein. Dated this fifteenth day of December, A. D. 1857. Witness our hands and seals. Richard P. Jones, [L. S.] Thomas Howell, (his mark,) [L. S.] I approve this bond as amended.

John Lindsay, chairman of the board of supervisors of the town of Dodgville."

The circuit court found as conclusions of law upon the foregoing facts, " that the defendant voluntarily became bound for the valid obligation of his son-in-law, Richard P. Jones, and executed the note as described in the plaintiff's complaint and that the note so executed is a legal and valid note. Second. That *B. F. Thomas*, the plaintiff, having paid the whole of said note, is entitled to recover of and from the said defendant, his defendant's proportionate share of said note.

Judgment was rendered against the defendant accordingly, and he having excepted to the decision of the court, appealed.

*Cobb & Sudduth*, for appellant.

*S. U. Pinney*, for respondent.

*By the Court*, DIXON, C. J.   The judgment in this case must be reversed.   There seems to us to be no pretense for charging the defendant with the payment of the money demanded. The note was never delivered, and never had a legal existence as such.   It remained in the hands of the plaintiff, one of the makers, and was to all intents mere waste paper.   The case differs not materially from what it would have been, had the defendant, an entire stranger to the judgment against the plaintiff and Bonner, upon the constables bond, promised, in case the plaintiff would pay the judgment, that he, defendant, would refund so much of the money as was required for that purpose, and suit had been brought upon that.   Such a promise would clearly have been without consideration, and void.   The giving of a note by the defendant to the plaintiff, would not have aided it.   The note now in the hands of the plaintiff certainly constitutes no better evidence of indebtedness against the defendant.

Judgment reversed, and cause remanded with directions that the action be dismissed.